UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MISTER COLEMAN,

                            Plaintiff,

     v.

JAMES DZURENDA, *et al.*,

                            Defendants.

Case No. 3:24-cv-00311-MMD-CSD

ORDER REOPENING CASE

On October 24, 2024, this Court granted Plaintiff's motion to voluntarily dismiss this action. (ECF Nos. 9, 10, 12.) However, on October 31, 2024, Plaintiff submitted a motion to terminate the motion withdrawing his complaint and requested to proceed with this case. (ECF No. 13.) In the motion, Plaintiff explains that another inmate, Marque Gardeley, who had originally been helping Plaintiff with this case, filed the motion to withdraw Plaintiff's complaint because Plaintiff refused to give Gardeley money. (*Id.* at 2.)

A party can seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under FRCP 60(b), the court may relieve a party from final judgment, order, or proceeding for several different reasons including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Court interprets Plaintiff's motion as a Rule 60(b) motion to relieve him from a final judgment. Based on Plaintiff's motion, he did not file the motion to voluntarily withdraw his case and would like to reopen his case. The Court notes that, although Marque Gardeley did not sign his name as the person who helped Plaintiff prepare his

complaint, Gardeley did provide his inmate number, NDOC #1099633. (ECF No. 1-1 at 25.) The handwriting in the complaint is the same handwriting in the motions to voluntarily dismiss. (*See* ECF Nos. 1-1, 9, 10.) Notably, the handwriting in the motion to terminate the motion to withdraw complaint is different from the other filings and appears to be in Plaintiff's own handwriting.

The Court grants Plaintiff's Rule 60(b) motion and reopens this case. It would be manifestly unjust to close a case based on a motion that Plaintiff neither authorized nor wrote. The Court reopens this case, puts the case in line for screening, and will issue a screening order on the complaint in due course.

It is therefore ordered that the motion to terminate motion to withdraw complaint (ECF No. 13) is granted.

It is further ordered that the Clerk of the Court reopen this case and reinstate the application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of counsel (ECF No. 3) as active, pending motions.

DATED THIS 6th Day of November 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2